# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEE'BORAH WIGGINS,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) CIVIL NO. 06-394-DRH ) |
| **JACKSON COUNTY JAIL and SHERIFF OF JACKSON COUNTY,** | ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, a former detainee in the Jackson County, Illinois, Jail, brings this action for deprivations of her constitutional rights pursuant to 42 U.S.C. § 1983.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is subject to summary dismissal for failure to state a claim.

## FACTUAL ALLEGATIONS

Plaintiff states that she was housed in a cell in the Jackson County Jail with a leaky sink. The leak was so severe that a puddle of water developed on the floor. Plaintiff told unspecified jail officials of the leak, and requested that it be repaired. On December 30, 2005, three weeks after jail officials were first informed of the leak, Plaintiff slipped on the water and fell, breaking her left arm, and injuring her back, knee, and head. She was taken to an outside hospital and treated. Three days after her fall the leak was fixed. Plaintiff believes that had the leak been repaired in a timely manner, she would not have fallen and broken her arm. Plaintiff argues that jail officials were negligent in failing to repair the leak, and for leaving the water on the floor.

## LEGAL STANDARDS

Plaintiff's claim most closely resembles a claim of deliberate indifference to inmate safety in violation of the Eight Amendment's prohibition against cruel and unusual punishment. Although claims brought pursuant to section 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes,* 452 U.S. at 346 ; *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective

and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *See also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to

suffer the harm. *Jackson*, 955 F.2d at 22. It is well-settled that mere negligence is not enough. *See, e.g., David v. Cannon*, 474 U.S. 344, 347-48 (1986).

Plaintiff has made sufficient allegations to show that defendants were negligent in not repairing the leak or cleaning up the water, but negligence is not sufficient to hold defendants liable under section 1983. Plaintiff's allegations tread the fine line between negligent and deliberate conduct. Construing the complaint in the favor of the Plaintiff, which the Court must do at this stage of the litigation, the Court finds that Plaintiff has made sufficient allegations that a jail official failed to act despite his or her knowledge of a substantial risk of serious harm.

A problem exists, however, with Plaintiff's statement of the claim. To be held liable under section 1983, a Plaintiff must show that a defendant was personally responsible for depriving her of a constitutional right. Plaintiff names as defendants only the jail itself and the Sheriff. While the Sheriff may be ultimately responsible for the conditions in the jail, "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff does not name any individual responsible for the leak or for failing to repair it; she does not specify whom she told about the leak, and therefore does not specify who was aware of the substantial risk of harm, but failed to act. Thus, Plaintiff has failed to state a claim against the Sheriff or any other individual personally responsible for failing to repair the leak.

As for the jail itself, it is well settled that a municipality may not be held vicariously liable under § 1983 for the actions of one of its employees, unless an employee acted pursuant to a municipal policy or custom. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff has made no allegations that failing to make proper repairs was a policy or custom of Jackson County Jail. Therefore, Plaintiff has also failed to state a claim against the jail itself.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED:** January 10, 2007.

/s/   David   RHerndon
**DISTRICT JUDGE**